OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Runyons, Appellant.
[Cite as State v. Runyons (1994),      Ohio St.3d      .]
Appellate procedure -- Application for reopening appeal from
     judgment of conviction based on claim of ineffective
     assistance of appellate counsel -- Application denied when
     not filed within ninety days of journalization of
     appellate judgment as required by App.R. 26(B)(1).
     (No. 94-1000 -- Submitted August 17, 1994 -- Decided
November 9, 1994.)
     Appeal from the Court of Appeals for Union County, No.
14-91-30.
     Appellant, Bobby Runyons, alleges he was convicted of one
count of rape and one count of gross sexual imposition.  He
appealed, and the Court of Appeals for Union County affirmed
the conviction by judgment entry of June 9, 1992.  In 1994, he
applied to the Union County Court of Appeals to reopen the
appeal from the judgment of conviction and sentence, alleging
ineffective assistance of appellate counsel.  The court of
appeals denied the application on the basis that it was not
filed within ninety days of the journalization of the appellate
judgment as required by App. R. 26(B)(1).  The court further
found that appellant failed to show good cause for the delay in
filing his application as required by App. R. 26(B)(2)(b).
Appellant appeals the denial to this court.

     Bobby Runyons, pro se.

     Per Curiam.  The decision of the court of appeals is
affirmed for the reasons stated by the court of appeals.
                                        Judgment affirmed.
     Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E.
Sweeney and Pfeifer, JJ., concur.